# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| RICHARD MESA, <br><br> Petitioner, <br><br> v. <br><br> B. CATES, Warden, <br><br> Respondent. | No. CV 21-00480-CJC (DFM) <br><br> Order Summarily Dismissing Petition for Lack of Jurisdiction |

## I. BACKGROUND

Richard Mesa ("Petitioner") was convicted of burglary, robbery, assault to commit a felony, and attempted robbery in April 2002. See Dkt. 1 ("Petition") at 2. He appealed, and the California Court of Appeal affirmed. See https://appellatecases.courtinfo.ca.gov/search.cfm?dist=2 (Case No. B165911), and the California Supreme Court denied his petition for review on July 24, 2019. https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 (Case No. S126666).

In April 2007, Petitioner filed in this Court a Petition for Writ of Habeas Corpus by a Person in State Custody. See Richard Mesa v. Larry Scribner, No. CV 07-02403-CJC (VBK) (C.D. Cal.), Dkt. 1 ("the Prior Case"). That petition was dismissed with prejudice. See id., Dkt. 24.

On January 11, 2021, Petitioner constructively filed a habeas corpus petition in the Eastern District of California challenging his 2002 conviction, arguing his constitutional rights were violated by judicial factfinding instead of jury factfinding, insufficient evidence supported the finding that Petitioner's previous convictions qualified as serious felonies, and by judicial factfinding beyond what a jury determined for the purpose of sentencing. See Petition at 39-41. On January 14, 2021, the case was transferred to this Court. See Dkt. 4. Petitioner has filed an application for a stay and motion for leave for an application to file a second or successive petition. See Dkts. 7, 8.

## II. DISCUSSION

A federal court will not consider a second or successive habeas corpus petition unless the petitioner shows that (1) his claim relies on a new rule of constitutional law, made retroactive by the Supreme Court, that was previously unavailable or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence. See 28 U.S.C. § 2244(b)(2). A district court may not decide whether a second or successive petition meets these requirements; the petitioner must obtain the authorization from the appropriate court of appeals before filing the petition. See id. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 157 (2007). The authorization from the appropriate court of appeals is a jurisdictional requirement. See Burton, 549 U.S. at 157.

Having reviewed the Petition and the Prior Case, it is apparent that the Petition is second or successive. Indeed, Petitioner admits as much. Petitioner would need to move in the Ninth Circuit for an order authorizing this Court to consider the Petition. Until then, the Court lacks jurisdiction over the case. See id.

### III. CONCLUSION

The Petition is DISMISSED for lack of jurisdiction. If Petitioner wishes to make a second or successive application in this Court, he must first file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" **directly with the Ninth Circuit**.

Date: March 1, 2021

CORMAC J. CARNEY
United States District Judge

Presented by:

DOUGLAS F. McCORMICK
United States Magistrate Judge

3